ON REHEARING
PATTERSON, Judge.
In his application for rehearing, the appellant, Robert Earl Walton, who is black, argues for the first time that his cause should be remanded pursuant to the holding of Batson v. Kentucky, 476 U.S. *135 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We agree, for the prosecutor used five of his six strikes to eliminate blacks from the jury venire. Accordingly, we set aside our judgment of affirmance rendered on October 14, 1986, grant the application for rehearing, and remand this cause to the trial court with the instructions that if the court determines that the facts establish a prima facie case of purposeful discrimination under Batson, 476 U.S. at 79, 106 S.Ct. at 1723, the court must give the prosecutor the opportunity to come forward with race-neutral explanations for his use of the peremptory strikes. If the prosecutor is unable to do so, then Walton is entitled to a new trial. See Ex parte Zackery, 521 So.2d 1 (Ala.1987); Ex parte Jackson, 516 So.2d 768 (Ala.1986). If the trial court finds that Walton is not entitled to a new trial, the court shall make written findings and return those, along with a transcript of the hearing, to this court for our review.
APPLICATION GRANTED; JUDGMENT SET ASIDE; REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this case to the Circuit Court of Jefferson County, directing it to conduct an evidentiary hearing to determine whether the facts establish a prima facie showing of purposeful discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and, if so, to allow the prosecutor an opportunity to provide race-neutral explanations, if any, for his peremptory strikes in selecting the jury which convicted appellant. On remand, the trial court complied with the order of this court, and it has filed a return. The return shows that, after holding an evidentiary hearing, the trial court made the following findings:
“[I]t is the finding of this Court that this defendant’s rights were violated by the manner in which the State of Alabama utilized its preemptory [sic] challenges, that the results of the utilizations resulted in purposeful discrimination according to the requirements of Batson as well as the rights of the defendant under the constitution of the United States and laws and constitution of the State of Alabama, and the Court having made these findings it is ordered that the same be transmitted to the Court of Criminal Appeals for further instructions and order.”
It appears from the return that a prima facie showing of purposeful discrimination was made, and that the prosecution was unable to produce race-neutral explanations for its peremptory strikes. Thus, pursuant to the holding in Batson v. Kentucky, the appellant is entitled to a new trial. We, therefore, remand this cause to the trial court with instructions that it enter an order granting appellant a new trial. Upon the filing of such an order, the trial court shall furnish this court with a copy, so that we can dismiss this appeal.
OPINION EXTENDED; REMANDED WITH DIRECTIONS.*
All Judges concur.

 Reporter’s note: On April 29,1988, on the return to remand, the case was dismissed without opinion.